UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHY LYNN SIZEMORE,

    Plaintiff,

v.                                                                   Case No. 1:22-cv-548
                                                                  Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her applications for disability insurance benefits (DIB) and supplemental security income (SSI).

        Plaintiff filed applications for benefits on January 20, 2020, alleging a disability onset date of October 1, 2014.  PageID.42.  Plaintiff identified her disabling conditions as a back problem, depression, and an anxiety disorder.  PageID.326.  Prior to applying for benefits, plaintiff had one year of college and had past employment as a home attendant and cook.  PageID.53, 327-328.  An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on February 26, 2021.  PageID.42-55.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I.     LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.    ALJ's DECISION

Plaintiff's application failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff met the insured requirements of the Social Security Act through December 31, 2019, and that she has not engaged in substantial gainful activity since the alleged onset date of October 1, 2014.[1]  PageID.44.  At the second step, the ALJ found that plaintiff had severe impairments of degenerative disc disease of the lumbar spine, epicondylitis of the left elbow, endometriosis, obesity, and generalized anxiety disorder.  PageID.45.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.45.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds.  She can occasionally climb ramps and stairs, crouch, kneel, and crawl.  The claimant can frequently stoop and balance.  She can frequently reach, handle, and finger.  The claimant cannot have any exposure to occupational wetness.  She cannot perform any commercial driving or operation of moving machinery.  The claimant can never work around hazards such as unprotected heights or uncovered, unguarded moving machinery.  The claimant can remember and carry out simple instructions.  She can never perform work at a production rate pace such as assembly line work.  The claimant can tolerate occasional changes in a routine work setting.  She can have occasional interactions with supervisors and coworkers but can have no interactions with the general public.

---

[1] The ALJ noted that plaintiff worked after the disability onset date but this work activity did not rise to the level of substantial gainful activity.  PageID.44.

PageID.47. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.53.

At step five, the ALJ determined that plaintiff could perform other, unskilled jobs existing in the national economy at the light work exertional level. PageID.54-55. Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as light assembler (175,000 jobs), inspector (110,000 jobs), and sorter (90,000 jobs). PageID.54. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from October 1, 2014 (the amended alleged onset date) through February 26, 2021 (the date of the decision). PageID.55.

### III. DISCUSSION

Plaintiff has raised one error on appeal.

**The ALJ's residual functional capacity (RFC) determination was unsupported by substantial evidence because he failed to properly evaluate the opinion of Jennifer Sampson, FNP.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. *See* 20 C.F.R. §§ 404.1545; 416.945. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). In determining the RFC, the ALJ considers impairments that are both "severe" and "not severe", *see* 20 C.F.R. §§ 404.1545 and 416.945, "based on all the relevant medical and other evidence in [the claimant's] case record," 20 C.F.R. §§ 404.1520(e) and 416.920(e).

Here, plaintiff contends that the ALJ failed to properly evaluate the opinions of Jennifer Sampson, FNP. For claims filed on or after March 27, 2017, the regulations provide that

the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). In these claims, the SSA "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record." 20 C.F.R. §§ 404.1520c(b) and 416.920c(b). In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and, (5) other factors. *See* 20 C.F.R. §§ 404.1520c(c)(1)-(5) and 416.920c(c)(1)-(5).

The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency":

> Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record.

20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2).[2] If the ALJ finds that two or more medical opinions "are both equally well-supported and consistent with the record but are not exactly the same," the ALJ must articulate what factors were most persuasive in differentiating the opinions. 20 C.F.R. §§ 404.1520c(b)(3) and 416.920c(b)(3) (internal citations omitted).

---

[2] The regulations explain "supportability" as follows: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1) and 416.920c(c)(1). The regulations explain "consistency" as follows: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2) and 416.920c(c)(2).

In addition, the new regulations recognize that "[b]ecause many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1).  Thus, "when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id*. "We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually. *Id*. As one court observed, "[t]hese new regulations plainly are less demanding than the former rules governing the evaluation of medical source opinions, especially those of treating sources." *Hardy v. Commissioner of Social Security*, 554 F. Supp. 3d. 900, 906 (E.D. Mich. 2021).

The ALJ summarized FNP Sampson's opinion as follows:

> In December 2020, Jennifer Sampson, FNP completed a Residual Functional Capacity Questionnaire (20F). She indicated the claimant had been diagnosed with chronic low back pain with radiculopathy (20F/3). I note electrodiagnostic testing did not reveal any evidence of radiculopathy (15F/12). Ms. Sampson limited the claimant to less than sedentary work, opining that the claimant required unscheduled breaks, could walk zero city block, needed to shift positions at will, could only use her upper extremities 50% of the workday, and would be absent more than four times per month (20F). This opinion is not persuasive, as it is not consistent with the medical evidence of record. Ms. Sampson did not provide any evidence to support her opinion aside from listing the claimant's symptoms (20F). Regardless, objective observations of record showed 4/5 to 5/5 strength (15F/14; 21F/4; 22F/6). In addition, sensory examinations and electrodiagnostic testing did not reveal any abnormalities or deficits (3F/13; 4F/9, 12, 15, 19, 23, 26, 28, 31, 35, 38, 41, 44, 47, 50, 54, 57, 61, 65, 70, 75, 88; 15F/12, 14; 17F/6; 22F/6). Moreover, there was no evidence suggesting the claimant used any type of assistive device, and she generally walked with a normal gait (15F/4; 17F/6; 22F/7). This evidence does not support the degree of limitation set forth by Ms. Sampson. Accordingly, her opinion is not persuasive.

PageID.51.[3]

The ALJ's decision finding that FNP Sampson's opinion was not persuasive is supported by substantial evidence. The ALJ pointed out inconsistencies between FNP Sampson's opinion and the medical evidence. For example, while FNP Sampson's opinion diagnoses plaintiff with "chronic low back pain with radiculopathy" (PageID.814), the nerve conduction studies from June 15, 2020 point out "[t]here is no electrodiagnostic evidence of a right lumbosacral radiculopathy, plexopathy or generalized peripheral neuropathy." PageID.762 (Exh. 15F/12).

The ALJ also noted that FNP Sampson did not include any evidence to support her opinion aside from listing plaintiff's symptoms. PageID.51, 814-816. Here, the medical provider's opinions were set out in a "check-box" questionnaire rather than a narrative report.

> ALJs are not bound by conclusory statements of doctors, particularly where they appear on "check-box forms" and are unsupported by explanations citing detailed objective criteria and documentation. "Many courts have cast doubt on the usefulness of these forms and agree that administrative law judges may properly give little weight to a treating physician's check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings[.]" *Ellars v. Commissioner of Social Security*, 647 Fed. Appx 563, 566 (6th Cir. 2016) (internal quotation marks omitted). In such cases, where the physician includes remarks on a check-off form such as noting that the "plaintiff's impairments consisted of severe peripheral vascular disease, coronary artery disease, COPD, depression and anxiety," these types of cryptic remarks are not sufficient to explain the doctor's findings. *Id*. at 566-67.

*Laporte v. Commissioner of Social Security*, No. 1:15-cv-456, 2016 WL 5349072 at *7 (W.D. Mich. Sept. 26, 2016). *See also*, *Heart v. Commissioner of Social Security*, No. 22-3282, 2022 WL 19334605 at *2 (6th Cir. Dec. 8, 2022) ("Substantial evidence supports the ALJs decision to give little weight to the opinions of Dr. Wornock and Mr. Dorsett because they failed to provide

---

[3] The Court notes that FNP Sampson's opinion does not address plaintiff's condition since her alleged disability onset date of October 1, 2014. Rather, FNP Sampson's opinion relates to plaintiff's condition between May 4, 2018 (when she commenced treatment) and December 10, 2020 (when she signed the opinion). PageID.816.

any explanation of how the proposed limitations were required by test results, their observations of [the claimant], or other objective findings.") (citing *Ellars*, 647 Fed. Appx. at 566-67 and *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (noting that an ALJ is not bound by a doctor's conclusory statements which are unsupported by detailed objective criteria and documentation)). Accordingly, this claim of error is denied.

### IV. CONCLUSION

For these reasons, the Commissioner's decision will be **AFFIRMED**. A judgment consistent with this opinion will be issued forthwith.


Dated: September 21, 2023                    /s/ Ray Kent
                                             RAY KENT
                                             United States Magistrate Judge